UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS J. GANT,

               Petitioner,         **ORDER**

  -vs-                                            No. 04-CV-6175

GLENN S. GOORD,

               Respondent.
_____

On May 8, 2006, this Court denied Gant's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the basis that it was untimely, having been filed outside the one-year statute of limitations period set forth in 28 U.S.C. § 2244(d)(1). On June 2, 2006, Gant filed a motion for reconsideration of this Court's Order denying his petition.

Gant's Notice of Motion or Supporting Affidavit does not cite a specific Federal Rule of Civil Procedure as authority for his motion for reconsideration. Rather, he states that the motion for reconsideration is pursuant to 28 U.S.C. § 2244(d)(1). As this simply is the provision of AEDPA setting forth the one-year statutory limitations period, it is not a proper ground for authority for a motion for reconsideration. On the basis of the Second Circuit's decision in *United States v. Clark*, 984 F.3d 31 (2d Cir. 1993), the Court will treat Gant's motion as one for relief under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)").[1] *Accord, , e.g., Schwamborn v.*

---

[1]     In *Clark*, the Second Circuit held that, because Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rule 11") incorporates Federal Rule of Appellate Procedure 4(a) ("Rule 4(a)") in determining the amount of time available to appeal a ruling on a § 2255 petition, it implicitly adopts the provisions of Rule 4(a)(4) regarding the effect of the "ten-day motions" under Federal Rules of Civil Procedure 50(b), 52(b), and 59, and therefore "implies" that an order denying a § 2255 petition is subject to a motion for reconsideration under those rules. *Clark*, 984 F.2d at 33. The court further noted that "case law construing Rule 4(a)(4) has determined that motions filed after the 10-day period, no matter how styled, are to be treated as Rule 60(b) motions," thereby "impl[ying]" that motions to reconsider a § 2255 order made more than 10 days after the

*United States*, 2007 WL 2506430 (E.D.N.Y. Sept. 5, 2007).

Having determined that Gant's motion for reconsideration must be construed as a motion pursuant to Rule 60(b), the Court must now consider whether, and to what extent, the motion is precluded by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which limited the scope of Rule 60(b) as it applies to motions for relief from orders denying habeas corpus petitions. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court determined that a Rule 60(b) motion that seeks to raise substantive challenges to the underlying criminal proceeding that were not presented to the district court in the original § 2254 petition violates AEDPA's ban on "second or successive" petitions, holding that "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction–even claims couched in the language of a true Rule 60(b) motion–circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts ." *Gonzalez*, 545 U.S. at  (citing 28 U.S.C. § 2244(b)(2)).

Rule 60(b) motions thus properly may attack "some defect in the integrity of the federal habeas proceedings," *Gonzalez v. Crosby*, 545 U.S. at 532, such as an "assert[ion] that a previous ruling which precluded a merits determination was in error– for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 n. 4. In

---

order has been issued are likewise to be construed as Rule 60(b) motions. *Id.* (citing *Browder v. Director, Dep't of Corrections of Illinois*, 434 U.S. 257, 263 n. 7 (1978); *Branum*, 927 F.2d at 704). In light of these considerations, the Clark court concluded that district court orders denying a § 2255 petition are subject to reconsideration pursuant to any of the ten-day motions identified in Rule 4(a)(4), and that, when such a motion is filed after the requisite ten-day period, it must be deemed a motion for relief under Rule 60(b). Sections 2254 and 2255 are parallel statutes; the first applies to collateral attacks by state prisoners by way of habeas corpus, and the second governs collateral attacks on convictions by federal prisoners. Reilly v. Warden, FCI Petersburg, 947 F.2d 43, (2d Cir. 1991). The Supreme Court has thus held that Sections 2254 and 2255 are functionally similar statutes dealing with different classes of prisoners. *Id.* (citing Davis v. United States, 417 U.S. 333, 344  (1974)). Here, Gant's motion for reconsideration was filed on June 2, 2006, more than ten-days after this Court's Order was filed on May 8, 2006, dismissing his § 2254 petition. Therefore, Gant's motion should be construed as a Rule 60(b) motion for relief from judgment.

contrast, arguments "attack[ing] the federal court's previous resolution of a claim on the merits" or "present[ing] new claims for relief from [the underlying] judgment of conviction" are beyond the scope of Rule 60(b) and can be brought only in a successive habeas motion. *Id.* at 531-32 (emphasis in original).

Here, the Court dismissed Gant's petition on the basis that it was untimely pursuant to 28 U.S.C. § 2244(d)(1); the Court did not reach the merits of any of his claims. *See* Order dated May 8, 2006, attached as Ex. A to Pet'r Mot. (Docket No. 14). Gant points to the initial order filed by the Court (Larimer, D.J.) on September 8, 2004, after Gant had been ordered to show cause as to why his habeas petition was not barred by § 2244(d)(1)'s statute of limitations. *See* Order dated September 8, 2004 (Docket No. 4), attached as Ex. B to Pet'r Mot. (Docket No. 14). In that order, the District Court stated that based on the assertions in Gant's Timeliness Response Form filed with the Court, "it cannot conclude that the petition is time-barred" and accordingly ordered that the petition was "deemed timely under 28 U.S.C. § 2244(d)(1)." *See id.* (Docket No. 4). Gant thus contends that this Court, in later ruling that his habeas petition was indeed untimely "acted in excess of authority in overruling a determination of the District Court."

The Court appreciates Gant's argument, but finds that he is incorrect. At the point in time in the habeas proceeding when the initial order (Docket No. 4) was filed, Respondent had not answered the petition nor yet had an opportunity to make an argument regarding timeliness. The only information before the Court regarding timeliness came from petitioner himself. Gant is referred to the next paragraph of the same Order (Docket No. 4) in which Respondent is directed to address in its Answer, "*[i]n addition to the timeliness issue* . . . the allegations of the petition . . . and whether petitioner has exhausted state remedies . . . ." *See id.* (emphasis supplied). Thus,

the earlier Order makes clear that although Gant's petition had been deemed timely for the purpose of allowing it to proceed, the timeliness issue had not been finally adjudicated. Indeed, because it only had Gant's Timeliness Response Form and did not have Respondent's Answer or the state court records, the Court did not have sufficient information to decide the timeliness issue at that point. In later ruling that Gant's petition was untimely, this Court accordingly did not act in excess of its authority.

In any event, Gant has not submitted any new arguments as to why the Court's decision on May 8, 2006, regarding the petition's untimeliness was incorrect. After reviewing its Order (Docket No. 10), Petitioner's Timeliness Response Form (Docket No. 3), and Respondent's submissions regarding the timeliness issue (Docket Nos. 5 & 6), the Court has found no basis for questioning its conclusion that the petition was untimely and properly was dismissed on that ground.

Accordingly, for the foregoing reasons, it is hereby **ORDERED** that Gant's Motion for Reconsideration (Docket No. 14) is **DENIED** with prejudice. The Court declines to issue a certificate of appealability as Gant has not made a showing of the substantial denial of a constitutional right. 28 U.S.C. § 2253(c).

**IT IS SO ORDERED**

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:	September 13, 2007
	Rochester, New York.